# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9643 | **DATE** | 11/18/2002 |
| **CASE TITLE** | Patricia Daum vs. Staffing Network, L.L.C. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, the Court denies Staffing Network's motion for summary judgment as to Count I .(11-1) Because discovery is closed and the Court has denied defendant's motion for summary judgment, the Court shall not entertain any further dispositive motions. Parties shall file the final pre-trial order in open court on Monday, November 25, 2002 at 2:00 p.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | NOV 19 2002 date docketed | 19 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | TP | courtroom deputy's initials | 02 NOV 18 PM 3:00 FILED-ED Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA DAUM, )
)
    Plaintiff, )
)
v. ) Judge Ronald A. Guzmán
)
STAFFING NETWORK, L.L.C., ) 01 C 9643
)
    Defendant. )

DOCKETED
NOV 1 9 2002

## MEMORANDUM OPINION AND ORDER

Patricia Daum has sued Staffing Network, L.L.C. for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12191 *et seq.* (Count I) and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (Count II). Before this Court is Staffing Network's motion for summary judgment as to Count I. For the reasons provided in this Memorandum Opinion and Order, the motion is denied.

## FACTS

Unless otherwise noted, the following facts are undisputed or have been deemed admitted due to noncompliance with LR 56.1, which this Court strictly enforces. Daum owned a personnel placement and employee leasing firm in the Chicago area and sold the firm to a predecessor of the defendant. (Answer ¶ 7.) Daum then developed a similar business in Florida. (*Id.*) After some time, Daum and Staffing Networks agreed that Staffing Networks would take over Daum's Florida business as well and Daum would work for Staffing Networks as an employee. (*Id.*)

19

Daum was hired by Staffing Networks approximately March 13, 2000. (Def.'s LR 56.1(a)(3) ¶ 6.)[1] Daum received an application for health insurance along with a new hire packet in March or early April 2000.[2] Approximately six to eight weeks after Daum sent in the application for insurance she was contacted by defendant's agent, Carol Ann Philips, who told her that she had to decline the company's health insurance package or 'sever the relationship' with Staffing Networks and that her application would not be sent into the insurance company. (Pl.'s LR 56.1(b)(3)(B) ¶ 11.)[3] Subsequently, Daum's cancer, which had been in remission, relapsed.

Plaintiff wrote a letter to Florina Hernandez, which was received by the Equal Employment Opportunity Commission ("EEOC") March 12, 2001 by, alleging discrimination on the part of Staffing Networks. (Def.'s Ex. C , Daum's Letter.) The

---

[1] Although Daum denies that Staffing Network employed her beginning March 13, 2000, her denials are either unsupported by the portion of the record she cites or unsupported because she failed to provide the portion of her deposition on which she relies. (Pl.'s LR 56.1(b)(3)(A) ¶ 6; Pl.'s LR 56.1(b)(3)(B) ¶ 9.) In her LR 56.1(b)(3)(A) response to paragraph 6, she fails to provide the portion of her deposition upon which she relies for her denial. Therefore, paragraph 6 is deemed admitted. In paragraph 9 of her LR 56.1(b)(3)(B) statement of additional facts, Daum states that she started working for Staffing Network in late March 2000 and cites to her deposition. On page 100 of her deposition, she was asked, "When did you start working for Staffing Network?" and she responded, "Approximately the end of March." However, she then contradicts herself and never explains this contradiction in the portion of the deposition provided to the Court. Accordingly, because her statement is unsupported, the Court shall not consider it.

[2] Defendant denies this allegation but does not provide "specific references to the affidavits, parts of the record, and other supporting materials relied upon" as required by LR 56.1(b)(3)(A). (Def.'s LR 56.1 (b)(3)(B) ¶ 10.) The defendant's assertion that "all the documents indicate early March 2000" is not only lacking a specific reference to the record, but it is also contradicted by certain parts of the record. The Election to Participate Form, Def.'s LR 56.1 (a)(3) Ex. F, is dated March 30, 2000, the dental coverage enrollment form, Def.'s LR 56.1 (a)(3) Ex. G, is dated April 3, 2000, and the Personnel Action Notice, Def.'s LR 56.1 (a)(3) Ex. H, is dated March 20, 2000.

[3] Although defendant denies this statement in paragraph 11 of Daum's statement of additional facts, such statement is deemed admitted because defendant failed to provide a specific reference to record to support the denial. See LR 56.1(a) ("If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(B) will be deemed admitted unless controverted by the statement of the moving party.")

EEOC issued a Notice of Right to Sue on September 20, 2001, *see* Pl.'s Compl., Ex. 1, Right to Sue Letter, and Daum filed a multi-count complaint with this Court.

## DISCUSSION

Summary judgment is only proper when, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Moreover, when considering a motion for summary judgment, this Court must view all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

Defendant argues that summary judgment is proper because Daum's ADA claim is barred by the statute of limitations. In order to determine whether the plaintiff's charge of discrimination is timely, this Court must make two inquiries. First, when did the defendant file her charge of discrimination? Second, what is the latest date that the alleged discrimination could have occurred? Once these two facts are established, the Court's task is simply to count the number of days between the filing of the charge and the date of the alleged discrimination.

Generally a plaintiff suing under the ADA is required to have brought an EEOC charge within 300 days of the alleged discrimination. *See* 42 U.S.C. § 12117; *id.* § 2000e-5; *see, e.g., Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000). Accordingly, if Daum has raised a genuine issue as to a material fact regarding whether the

time between the discriminatory act and the filing of the charge is less than 300 days, the Court cannot grant defendants' summary judgment motion.

First, the Court must determine when the EEOC charge was filed. Staffing Network claims that the earliest possible reporting to the EEOC was in April 2001. However, Daum argues that her letter of March 8, 2001 to the EEOC constitutes a charge of discrimination.

A charge of discrimination must include, *inter alia*, "the full name, address, and telephone number of the person making the charge" and "[a] clear and concise statement of the facts." 29 C.F.R. § 1601.12. However, "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id.* Additionally, a charge can be amended to cure any technical defects such as lack of verification of the charge. *Id.*

A recent Supreme Court case, *Edelman v. Lynchburg College*, dealt with the validity of this EEOC regulation that allows a charge's technical defects to be cured. 112 S. Ct. 1145 (2002). The *Edelman* Court determined whether a plaintiff's letter to the EEOC could be cured of technical defects by a later charge that related back to the technically deficient letter. *Id.* at 1148. The *Edelman* Court upheld the EEOC regulation allowing a charge to be cured of technical defects noting:

> Construing [statutory filing requirements] to permit the relation back of an oath omitted from an original filing ensures that the lay complainant, who may not know enough to verify on filing, will not risk forfeiting his rights inadvertently. At the same time, the EEOC looks out for the employer's interest by refusing to call for any response to an otherwise sufficient complaint until the verification has been supplied.

4

*Id.* at 1150. While the *Edelman* Court remanded for a determination of whether the letter to the EEOC constituted a charge, the stated reason for doing so was concern over whether the EEOC and the plaintiff treated the letter as a charge. *Id.* at 1152.

Daum's letter to the EEOC satisfies the basic requirements of a charge. (*See* Def.'s Ex. C, Daum's Letter.) While the letter is not verified, *Edelman* establishes that subsequent charges may cure such technical defects if they relate back to the charges contained in the letter. *Edelman*, 112 U.S. at 1550. Further Staffing Network has not pointed to any evidence to support that neither the EEOC or plaintiff treated her letter as a charge of discrimination. To the contrary, the EEOC's response to Daum's letter indicates that the EEOC considered the letter a charge and told the plaintiff as much. (*See* Def.'s Ex. J, EEOC's Letter (stating "[t]his is to acknowledge your charge of employment discrimination against the above named Respondent").) Accordingly, the date the letter was received by the EEOC, March 12, 2001, is the date the plaintiff filed her charge. *See* 29 C.F.R. § 1601.13. Therefore, Daum may base her ADA claim on any conduct occurring within the 300-day time period prior to March 12, 2001.

Second, considering all undisputed facts and construing any disputed facts in the light most favorable to Daum, her ADA claim is based on alleged acts of discrimination that are not barred by the 300-day period of limitations. Daum contends that she received the insurance application along with a new hire packet in March or early April 2000. (Pl.'s LR 56.1 (b)(3)(A) ¶ 10.) Viewing the facts in Daum's favor, the latest date consistent with the characterization "early April" is April 15, 2000. This date is important because Daum contends that defendant's discriminatory conduct occurred six to eight weeks after she sent in her application for insurance. At that time, she states she was told that she had to

decline her health insurance or sever her relationship with Staffing Network and that her application would not be sent into the insurance company. (*Id.* at ¶ 11.) Even if the Court were to assume that Daum sent in her application the same day she received it, eight weeks later brings the date of the alleged discriminatory conduct to June 15, 2000. June 15, 2000 is only 270 days before March 12, 2001, the date on which the EEOC received Daum's charge. Accordingly, Daum has raised a genuine issue as to a material fact regarding whether the discrimination occurred within the 300-day period of limitations so that her ADA claim survives summary judgment.

Staffing Network opines that Daum's deposition testimony on which she relies to support the time frame of the alleged discrimination cannot create a genuine issue of material fact because it contradicts information provided in her EEOC documents. Unfortunately, Staffing Network provides no law to support its contention that, in response to a summary judgment motion, a nonmovant cannot rely on sworn deposition testimony regarding dates of discrimination merely because those dates do not strictly match the dates provided in submissions to the EEOC. By raising this argument, even Staffing Network acknowledges that there is confusion in the record regarding the dates of the alleged discrimination. The issue goes to the weight to be given to Daum's statement, *i.e.*, credibility, which is not an issue for the Court on a summary judgment motion but the province of the fact finder at trial. In sum, the Court denies Staffing Network's motion for summary judgment as to Count I.

Finally, the Court denies Staffing Network's request to redepose Daum on the issue of the dates of the alleged discrimination because it did not have Daum's March 8, 2001 letter prior to her deposition. First, the argument is waived because it is raised for the first

time in defendant's reply brief. Second, it is denied because fact discovery closed August 30, 2002, and the Court sees no reasonable justification for the reopening of discovery.

## CONCLUSION

For the foregoing reasons, the Court denies Staffing Network's motion for summary judgment as to Count I [doc. no. 11-1]. Because discovery is closed and the Court has denied defendant's motion for summary judgment, the Court shall not entertain any further dispositive motions. Parties shall file the final pre-trial order in open court on Monday, November 25, 2002 at 2:00 p.m.

**SO ORDERED**  **ENTERED:**

HON. RONALD A. GUZMAN
United States Judge